UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TIMOTHY E. STROWMATT, | ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 3:13-CV-1224-JVB |
| v. | ) ) | |
| JEROME FRESE, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Timothy E. Strowmatt, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 asking this court to issue an injunction requiring State Court Judge Jerome Frese to file various documents in his State criminal case and to set them for a hearing within 30 days.

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Strowmatt believes that he is entitled to immediate release from prison.[1] He filed a State habeas corpus petition in the Henry Circuit Court, which transferred it to the St. Joseph Superior Court pursuant to Indiana Rules of Post-Conviction Remedies 1, Sec. 1(c) on July 30, 2013. Strowmatt alleges that his petition remains unprocessed by Judge Jerome Frese and he wants this Court to order him to address Strowmatt's case.

---

[1] This court denied his federal habeas corpus petition on September 27, 2011. *Strowmatt v. Superintendent*, 3:11-CV-003 (N.D. Ind. filed January 4, 2011). That ruling was affirmed when the Seventh Circuit denied him a certificate of appealability and dismissed his appeal on March 21, 2012.

However, federal courts do not interfere with state criminal proceedings except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). "The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). No such extraordinary circumstances exist here. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [are] not by themselves . . . considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46. Strowmatt has several options in the State courts that he has not tried, including: asking for a change of judge pursuant to Ind. Crim. R. 12(B), seeking to obtain a ruling pursuant to Ind. Crim. R. 15, filing a notice of appeal, or initiating an original action in the Indiana Supreme Court. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

For the foregoing reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on December 4, 2013.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE